UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-2336 JRT/JJK

ADIJAT EDWARDS,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

## I. INTRODUCTION

Defendant United States of America, by and through its undersigned counsel, United States Attorney Andrew M. Luger and Assistant U.S. Attorney David W. Fuller, submits this memorandum in support of its motion to dismiss the Complaint for lack of jurisdiction.

## II. BACKGROUND

Plaintiff Adijat Edwards[1] submitted an administrative claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (FTCA), alleging "the conversion of property, cash and jewelry" by federal law enforcement officials in connection with an airport detention.  See Ex. A at ¶ 6; see also id. at ¶ 12 (alleging "theft").  Plaintiff's administrative FTCA claim sought a sum certain of $5,200, see id., and did not allege

---

[1] Although not immediately relevant to this motion, Plaintiff has had an extensive immigration history.  See, e.g., Edwards v. U.S. Immigrations and Customs Enforcement Division of DHS, et al., Civil No. 11-320 (JNE/JJK).

1

negligence or any other claim. The Department of Homeland Security denied Plaintiff's FTCA claim, and Plaintiff timely filed her Complaint in this matter on August 26, 2013.

### III. ARGUMENT

#### A. Congress Has Not Waived Sovereign Immunity For Claims Arising Out of the Detention of Property By Law Enforcement Officers.

"Federal courts have jurisdiction over suits against the United States and its agencies only to the extent that sovereign immunity has been waived. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Absent an express waiver, "sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Congress waived the sovereign immunity of the United States by enacting the FTCA, under which the federal government is liable for certain torts its agents commit in the course of their employment." *Hart v. United States*, 630 F.3d 1085, 1088 (8th Cir. 2011) (quoting *Riley v. United States*, 486 F.3d 1030, 1032 (8th Cir.2007)). However, "[t]he United States is, nevertheless, immune if an exception applies." *Id.*

One such exception – the "detention of goods" exception – bars Plaintiff's claim under the FTCA. *See* 28 U.S.C. § 2680(c). That provision states that the FTCA's waiver of sovereign immunity

> Shall not apply to – Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer. . . .

*Id.* The Supreme Court has read "any claim arising in respect of the detention of goods" broadly, finding that this refers to any claim "arising out of" the detention of goods. *Kosak v. United States*, 465 U.S. 848, 854 (1984). Moreover, "law enforcement officers of the United States" refers to law enforcement officers "of whatever kind," without regard to whether, at the time of their detention of the property at issue, they were enforcing customs or excise laws. *Ali v. Federal BOP*, 552 U.S. 214, 220 (2008); *see also Parmelee v. Carlson*, 77 F.3d 486, 1996 WL 64701, *1 (8th Cir. Feb. 15, 2006) (raising exception *sua sponte* and applying it to claim involving allegedly lost necklace); *Cheney v. United States*, 972 F.2d 247, 248-49 (8th Cir. 1992) (applying exception to claim that agent negligently gave seized vehicle title to an individual who damaged the vehicle); *Saint-Surin v. United States*, 2012 WL 5439141, (D. Minn. Oct. 22, 2012), adopted, 2012 WL 5450051, *1, *5 (D. Minn. Nov. 7, 2012) (applying exception to claim that law enforcement officer "wrongfully confiscated" prisoner's property during a "shakedown").

The Complaint's allegations make clear that the FTCA's detention-of-goods exception applies to this case. The incident at issue involved Plaintiff's immigration-related detention by federal law enforcement officers employed by U.S. Customs and Border Protection and U.S. Immigration and Customs Enforcement. *See* Complaint ¶¶ 1, 8. According to the Complaint, after detaining Plaintiff the officers proceeded to "separate[]" her "from her possessions," including cash and jewelry. *Id.* ¶¶ 9-10, 17, 24. The Complaint specifically alleges the tort of Conversion, which courts have found to fall within 28 U.S.C. § 2680(c) where the underlying conduct involved the

3

detention of goods by law enforcement officers. *See O'Ferrell v. United States*, 253 F.3d 1257, 1271 (11th Cir. 2001).

Accordingly, Plaintiff's Complaint falls squarely within the detention-of-goods exception and is barred for absence of jurisdiction. *See Hart*, 630 F.3d at 1088 (United States remains "immune if an [FTCA] exception applies").

### B. Plaintiff Failed To Raise Her Negligence Claim Before the Agency.

The Complaint also purports to assert a negligence claim based on alleged failure by ICE "to supervise its agents or institute policy." Complaint (Doc. No. 1) ¶ 1. Because this claim is very closely related to Plaintiff's conversion claim and arises out of the exact same facts, it may be best viewed as part and parcel with the conversion claim and thus barred under the detention-of-goods exception. Nonetheless, even assuming the negligence claim is separate, it would also be barred for lack of jurisdiction, albeit on a different basis. An FTCA suit "shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a) (emphasis added); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993). "Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant." *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993); *see also Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996).

Count II of the Complaint sounds in negligence, and alleges that ICE "owed a duty to Plaintiff to protect, safeguard, and return property" taken from her. Complaint ¶ 30. The

Complaint contends that the actions of both "ICE as an agency and its individual officers" constitute negligence, and specifically mentions (without elaboration) "negligence on the part of ICE in providing supervision and policy to its officers regarding the property of detainees."  *Id.* ¶¶ 1, 31.  None of this is mentioned in Plaintiff's administrative claim form, which does not use the term "negligence" and says nothing about "supervision" or "policy."  *See* Ex. A.  Consequently, this claim is barred for lack of jurisdiction based on Plaintiff's failure to exhaust the FTCA's mandatory administrative remedies.

Finally, even if Plaintiff had properly raised her "negligent failure to supervise or institute policy" claim administratively, it would be barred by the FTCA's "discretionary function" exception.  *See* 28 U.S.C. § 2680(a).  This exception exempts from the FTCA's waiver of sovereign immunity claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government" – even if that discretion may have been abused. 28 U.S.C. § 2680(a).  *See United States v. Gaubert*, 499 U.S. 315, 322 (1991); *C.R.S. v. United States*, 11 F.3d 791, 795-96 (8th Cir. 1993).  Courts have repeatedly found the discretionary function exception to bar claims based on negligent supervision or training. *See, e.g.*, *CNA v. United States*, 535 F.3d 132, 148-150 (3d Cir. 2008) (claim based on failure to adequately train and supervise Army recruiter barred by discretionary function exception); *Attallah v. United States*, 955 F.2d 776 (1st Cir. 1992) (allegations of negligent supervision of federal agents barred by discretionary function exception); *Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000) ("negligent and reckless employment,

5

supervision and training of the [Federal employees] . . . fall squarely within the discretionary function exception"). This constitutes an additional, alternative reason why jurisdiction is lacking to hear Plaintiff's negligence claim.

## IV.   CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety for lack of jurisdiction.

Dated: February 28, 2014

Respectfully submitted,

ANDREW M. LUGER
United States Attorney

s/ David W. Fuller

BY: DAVID W. FULLER
Asst. United States Attorney
Attorney ID Number 390922
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN   55415
(612) 664-5600
david.fuller@usdoj.gov

Attorneys for Defendant