UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-2336 JRT/JK

ADIJAT EDWARDS,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant,

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Adijat Edwards, by and through her undersigned counsel, Richard Breitman and Graham Ojala-Barbour, submits this memorandum opposing the defendant's motion to dismiss the Complaint for lack of jurisdiction. The detention of goods exemption to the FTCA does not bar the claim raised in the complaint. Ms. Edwards alleges that a federal law enforcement officer wrongfully took her cash with the intent to deprive her of it permanently. A theft of this sort is distinguishable from the claims that are barred by the "detention of goods" exemption to the FTCA. The intentionally permanent deprivation of Ms. Edwards' property by federal officers without any legal basis is not the type of "detention of goods" that Congress had in mind when it carved out the exemption at issue here.

## II. BACKGROUND

Plaintiff Adijat Edwards alleges that she suffered loss of her cash and jewelry through the intentional theft of that property by officers of U.S. Immigration and Customs

Enforcement ("ICE"). Ms. Edwards was taken to the bank by ICE officers who forced her to withdraw $1200 in cash under the pretext that she would use the money to pay for her return ticket to Nigeria. The ICE officers knew that deportees do not pay for their return tickets. The officers learned Ms. Edwards had cash in a bank account, knew she had a bank card, and took from her the cash they forced her to withdraw without any legal authority and kept it for themselves. Her jewelry was also taken. Ms. Edwards submitted an administrative claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (FTCA), alleging the conversion of her property by federal law enforcement officials. Ms. Edwards is seeking a sum certain of $5,200, the value of the property that she alleges was stolen from her. After the Department of Homeland Security denied the administrative FTCA claim, Ms. Edwards timely filed her complaint. The defendant has filed a motion to dismiss Ms. Edwards' complaint on the basis that the court does not have subject matter jurisdiction to hear the case.

The defendant has challenged the complaint on its face, rather than disputing the facts alleged by Ms. Edwards. For the court to dismiss for lack of subject matter jurisdiction under rule 12(b)(1), "the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, all of the factual allegations regarding jurisdiction would be presumed true and the motion could succeed only if the plaintiff had failed to allege an element necessary for subject matter jurisdiction." *Id.* Given that Defendant's motion to dismiss presents a facial rather than factual challenge to the complaint of Ms. Edwards, the facts alleged by Ms. Edwards should be presumed true for the purposes of adjudicating

Defendant's motion.

## III. ARGUMENT

### A. The Government is not Exempt from Liability for the Intentional Theft of Property by its Law Enforcement Officers Because Intentional Theft Does Not Constitute the "Detention" of Goods.

"Congress waived the sovereign immunity of the United States by enacting the FTCA, under which the federal government is liable for certain torts its agents commit in the course of their employment." *Hart v. United States*, 630 F.3d 1085, 1088 (8th Cir. 2011) (quoting *Riley v. United States*, 486 F.3d 1030, 1032 (8th Cir.2007)). Plaintiff acknowledges that "[t]he United States is, nevertheless, immune if an exception applies." *Id.* However, the "detention of goods" exception at 28 U.S.C. § 2680(c) does not bar plaintiff's claim under the FTCA.

The "detention of goods" exception at 28 U.S.C. § 2680(c) states that the jurisdiction of the federal courts over the torts of officers of the United States:

> Shall not apply to – Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer.

This exemption does not apply to the conduct complained of by Ms. Edwards because the intentional theft of property is not the "detention" of goods as Congress intended the term detention to be used in this context. Theft is a permanent deprivation of property. It is not a temporary taking. The defendant cites *Kosak v. United States* for the proposition that the Supreme Court has read "any claim arising in respect of the detention of goods" broadly, and that it refers to any claim "arising out of" the

detention of goods. *Kosak v. United States*, 465 U.S. 848, 854 (1984). The defendant has failed, however, to provide any analysis or argument regarding the meaning of "detention." Ms. Edwards asserts that the theft of her property was not a "detention" in the sense of the word that Congress intended when it carved out the exemption.

The Fifth and Sixth Circuit courts, as well as district courts, have found that detention in this context implies the taking of *temporary* possession of goods or property. The Sixth Circuit has stated:

> A detention is generally associated with a period of temporary custody or delay. It carries no connotation of permanent custody, nor does it necessarily suggest an adversarial interest insofar as ownership is concerned. It is a term often associated with an ongoing investigation.

*Kurinsky v. United States*, 33 F. 3d 594, 597 (6th Cir. 1994) (emphasis added) overruled on other grounds by *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (2008). The Fifth Circuit agreed with this interpretation of "detention" in *Chapa v. United States Dep't of Justice*, 339 F.3d 388, 390-91 (5th Cir. 2003).

In *Saint-Surin v. United States*, the Report and Recommendation adopted by the district court considered the meaning of "detention," and suggested that it implies a *temporary* taking. 2012 WL 5439141, (D. Minn. Oct. 22, 2012), adopted, 2012 WL 5450051, (D. Minn. Nov. 7, 2012). The *Saint-Surin* court cites Black's Law Dictionary for the proposition that the plain meaning of the word "detention" is "custody of property." The *Saint-Surin* court notes that the Ninth and Tenth Circuits interpreted "the temporary taking or confiscation of inmate property as "detention" for

purposes of 2680(c)." *Id*. at 4. (Copy of R&R and Judge's Order attached) The court also states: "The Eighth Circuit has not directly considered the meaning of "detention" in the context of actions by the BOP, but has held that when customs officers take temporary custody of property, that custody constitutes a "detention for purpose of 2680(c)." *Id*. (citing *Goodman v. United States*, 987 F. 2d 5501, 551 (8th Cir. 1993).

The U.S. District Court for the District of Columbia has also considered the meaning of the word detention in this context. *Olaniyi v. District of Columbia*, 763 F.Supp.2d 70, 2011 WL 339215 (D.D.C. 2011). The Olaniyi court states that "in the legal sense of the word, detention consists of [t]he act or fact of holding a person [or property] in custody," *Black's Law Dictionary* 514 (9th ed. 2004), and "custody," in turn, is "[t]he care and control of a thing or person for inspection, preservation, or security," *id. at 441*.

Thus, courts have interpreted "detention" in such a way as to exclude from the exemption found at 2680(c) the intentionally permanent deprivation of property. The theft of Ms. Edwards' cash was not a detention because it was not intended to be temporary, nor was it for the purpose of inspecting, preserving, or securing it.

The cases cited by the defendant are distinguishable from the present case because they encompass only situations where federal agents lost or damaged property after *detaining* the property in the meaningful sense of the word, i.e. after taking temporary custody of the property for a legally cognizable reason. For example, in *Parmelee v. Carlson*, the plaintiff complained that his necklace was lost due to the

negligence of an officer at a federal medical center while the officer conducted an inventory of the plaintiff's property. 77 F.3d 486, (8th Cir. Feb. 15, 2006). The *Parmelee* court ruled that while the inventory was being conducted, the property of the plaintiff was detained by the officer, and so plaintiff's loss arose out of the detention of goods and was exempted by 2680(c). *Id*. In *Cheney v. United States*, the plaintiff complained that an agent negligently gave a seized vehicle title to an individual who damaged the vehicle. 972 F.2d 247, 248-49 (8th Cir. 1992). In that case, as in *Parmelee*, the government was exempted from liability because the property in question had been detained by a law enforcement agent. That is, the vehicle title, like the necklace, had been taken into the custody of a federal law enforcement officer who intended to take it only temporarily, and who took it for a legally cognizable reason. In contrast, the officer who took the cash from Ms. Edwards did so with the intention of depriving her permanently of her property, and did so without any legal basis.

Ms. Edwards acknowledges that the "law enforcement officers of the United States" language refers to law enforcement officers "of whatever kind," without regard to whether, at the time of their detention of the property at issue, they were enforcing customs or excise laws. *Ali v. Federal BOP*, 552 U.S. 214, 220 (2008). However, because Ms. Edwards does not assert that the law enforcement agents in question "detained" her property in the legally meaningful sense of that word, it is irrelevant that the detention of property exemption applies to ICE agents as well as

customs officials.

Contrary to the government's contentions, Ms. Edwards presents a claim that is not exempted by 2680(c) or any other section of the FTCA.

Because Plaintiff's Complaint alleges a conversion where the underlying conduct did *not* involve the detention of goods by law enforcement officers, it does not fall within the detention-of-goods exception and is not barred for absence of jurisdiction.

**B. Plaintiff's Negligence Claim Should Not be Barred as it Arises Out of the Same Facts Stated in the Administrative FTCA Claim She Made to ICE**

The negligence claim asserted by Ms. Edwards in her complaint should not be barred on the basis that it was not asserted in the administrative claim that she made to the agency because it arises out of the same facts that *were* asserted in the administrative claim. Defendant argues that Plaintiff's negligence claim should be barred as it was not asserted in the administrative claim to ICE. (*See* Defendant's Memorandum in Support of Motion to Dismiss at 5). At the same time, Defendant writes that "[the negligence] claim is very closely related to Plaintiff's conversion claim and arises out of the exact same facts, it may be best viewed as part and parcel with the conversion claim…" *Id.* Thus, by Defendant's own admission, the negligence claim arises out of the same facts that were presented to the agency in the administrative claim. Because the same facts giving rise to the negligence cause of action were raised in the administrative claim to the agency, the negligence cause of action should not be barred on the basis that it was not raised. As defendant put it,

the negligence claim should be viewed as part and parcel of the conversion claim as it arose from the same facts.

The negligence cause of action is not barred by the FTCA's discretionary function exception found at 28 USC § 2680(a). The Supreme Court has established a two-part test for determining when the discretionary function applies. "The first requirement is that the conduct at issue indeed be discretionary, that is, it must "involve[] an element of judgment or choice." *C.R.S. v. United States*, 11 F.3d 791, 795 (8th Cir. 1993). The Supreme Court has stated that judgment or choice is not present "when a federal statute, regulation, or policy specifically proscribes a course of action for an employee to follow," then "the employee has no rightful option but to adhere to the directive." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). The second requirement of the discretionary function is that the judgment be "of the kind that the discretionary function exception be designed to shield," that is, whether the function involves actions taken that are based on public policy. *C.R.S. v. United States* 11 F.3d at 796.

In the present case, Defendant has not stated whether any federal statute, regulation, or policy prohibits ICE officers from stealing money from deportees. Plaintiff asserts that ICE was negligent in failing to adequately train and supervise its employees and institute directives such that its employees would not steal a deportee's property in violation of law. The discretionary function exception should not apply to the present case because law proscribes government agents, and everyone else, from stealing. In *Aslakson v. United States*, 790 F.2d 688 (8th Cir. 1986), the plaintiff

brought an FTCA claim after his son died as a result of contact between the mast of his sailboat and a federal power line. *Id*. at 690. The government had a policy which "required it to elevate its power lines if safety considerations compelled such action." *Id*. at 693. The Eighth Circuit held that the discretionary function exception does not apply "where the challenged government activity involves safety considerations under an established policy rather than the balancing of competing public policy considerations." *Id*. In the present case, the challenged government activities involve actions taken that were contrary to law, i.e. theft or conversion. Thus, competing public policy considerations do not come into play with regard to the training or supervision of ICE agents. In *Aslakson*, the government acted contrary to its established policy, and the Eighth Circuit found that the discretionary function exemption did not apply. In the present case, the government official acted contrary to the criminal laws of the United States. Failing to train or supervise agents to the extent necessary to keep them from committing crimes against the people in their custody should not be left up to the discretion of ICE. As federal and state law prohibits anyone, including federal agents, from committing theft or conversion, it should be assumed that ICE agents should follow this directive, and that the agency should have policies in place to prevent such theft from happening. Whether the ICE agents in this case were appropriately trained and supervised, and whether there was a policy in place preventing agents from stealing the property of deportees is a question of fact for this court.

## IV. CONCLUSION

Because the detention of goods exemption does not apply to the conduct complained of by Ms. Edwards, defendant's motion to dismiss for lack of jurisdiction should be denied.

Dated: March 31, 2014

Respectfully Submitted,

s/ Richard Breitman____________

Richard Breitman
Attorney ID 0128508
2901 Metro Dr. #501
Bloomington, MN 55425
(612) 616-3438
breitman@ix.netcom.com

Attorney for Plaintiff
*Pro Bono Publico*

s/Graham Ojala-Barbour_____________

Graham Ojala-Barbour
Attorney ID 0392397
2901 Metro Dr. #501
Bloomington, MN 55425
(612) 82204724
graham.ojala.barbour@gmail.com

Attorney for Plaintiff
*Pro Bono Publico*